IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No.:_____

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>)<br>) **COMPLAINT**<br>)<br>Plaintiff, )<br>) JURY TRIAL DEMANDED<br>)<br>vs. )<br>)<br>)<br>INTERCONNECT CABLE TECHNOLOGIES )<br>CORPORATION, )<br>)<br>)<br>Defendant. )<br>) |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL
[INJUNCTIVE RELIEF REQUESTED]**

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to the Charging Party Michelle Combs, who was adversely affected by such practices. Plaintiff the United States Equal Employment Opportunity Commission

1

alleges that Defendant Interconnect Cable Technologies Corporation ("ICTC") discriminated against Ms. Combs by demoting her and later discharging her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, ICTC has continuously been a corporation doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5. At all relevant times, ICTC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference 42 U.S.C. § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-l(b), (g) and (h).

6. At all relevant times, ICTC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty days prior to the institution of this lawsuit, Ms. Combs filed a charge with the EEOC alleging that ICTC violated the ADA by discriminating against her on the basis of her disability.

8. Prior to the institution of this lawsuit, the EEOC issued a Letter of Determination to ICTC finding reasonable cause to believe that the ADA was violated when ICTC demoted and then discharged Ms. Combs because of her disability. The Letter of Determination invited ICTC to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. Prior to the institution of this lawsuit, the EEOC issued to Defendant a Notice of Failure of Conciliation advising ICTC that the EEOC was unable to secure from ICTC a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. ICTC is a global manufacturing solutions provider located in Brooksville, Florida.

12. Ms. Combs began working for ICTC in or around 1996.

13. Over her next twenty years of employment with the company, she was repeatedly promoted and held various positions, including assembler, machine operator, prep supervisor, stock room supervisor and planner.

14. On or around June 5, 2017, while Ms. Combs was working as a planner for ICTC, she was involuntarily hospitalized under the Florida Mental Health Act of 1971, commonly known as the "Baker Act." Ms. Combs was diagnosed with major depressive disorder and released from the hospital after approximately five days.

15. Ms. Combs returned to work at ICTC on or around June 13, 2017. Ms. Combs advised management of her condition that day. ICTC's management expressed disappointment in Ms. Combs's hospitalization and diagnosis and, that same day, assigned Ms. Combs to work exclusively on ministerial tasks outside of her planner role.

16. On or around June 17, 2017, ICTC's management demoted Ms. Combs from planner to assembler.

17. On or around July 3, 2017, ICTC's management cut Ms. Combs's pay by $2.00 per hour (to $18.00 per hour) to reflect the lower skill required to be an assembler.

18. Later, rather than remain in the assembler position, Ms. Combs voluntarily took an opening in the stock room. On or around October 20, 2017, ICTC terminated Ms. Combs from this position.

19. Although ICTC claimed that it terminated Ms. Combs because it did not have non-military *assembly* work, at the time of her termination, Ms. Combs was no longer working as an assembler, and was working in the stock room.

20. As a result of ICTC demoting her and then discharging her, Ms. Combs suffered damages.

## STATEMENT OF CLAIMS

21. Paragraphs 11 through 20 are incorporated herein.

22. Ms. Combs is an individual with a disability as defined by the ADA.

23. Ms. Combs was qualified for her position as ICTC's planner at all relevant times.

24. ICTC discriminated against Ms. Combs in violation of 42 U.S.C. § 12112(a), as amended, by demoting Ms. Combs on the basis of disability.

25. ICTC discriminated against Ms. Combs in violation of 42 U.S.C. § 12112(a), as amended, by discharging Ms. Combs on the basis of disability.

26. The effect of the practices complained of in paragraphs 10 through 20 above has been to deprive Charging Party Michelle Combs of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her disability.

27. The unlawful practices complained of in paragraphs 10 through 20 were intentional and caused Charging Party Michelle Combs to suffer emotional distress including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

28. The unlawful practices complained of in paragraphs 10 through 20 done intentionally and with malice or with reckless indifference to the federally protected rights of Charging Party Michelle Combs.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Declare that ICTC violated the ADA by discriminating against Charging Party Michelle Combs based on her disability;

B. Grant a permanent injunction enjoining ICTC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making employment decisions (including hiring, firing, demoting, and promoting) on the basis of disability.

C. Order ICTC to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and which eradicate the effects of its past and present unlawful employment practices;

D. Order ICTC to institute a training program for all managers and supervisors to ensure compliance with federal laws and company policies on nondiscrimination in employment decisions;

E. Order ICTC to make whole Charging Party Michelle Combs who was demoted and terminated on the basis of her disability, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement of Ms. Combs into the planner position or front pay in lieu thereof;

F. Order Defendant to make whole Charging Party Michele Combs by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, job search expenses and the like, in amounts to be determined at trial;

G. Order Defendant to make whole Charging Party Michelle Combs by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of above, including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, loss of enjoyment of life, and the like, in amounts to be determined at trial;

      H.      Order ICTC to pay Charging Party Michelle Combs punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

      I.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      J.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: March 19, 2020

      Respectfully Submitted,

      SHARON FAST GUSTAFSON
      General Counsel

      JAMES L. LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel
      U.S. Equal Employment
      Opportunity Commission
      131 M Street, N.E.
      Washington, D.C. 20507

      ROBERT E. WEISBERG
      Regional Attorney
      Florida Bar No: 285676
      Email: robert.weisberg@eeoc.gov

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov

ROBERT ADLER
Trial Attorney
Florida Bar No: 1004597
Email: robert.adler@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

/s/ *Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, FL 33602
Tel: 813.202.7929